UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO,<br>         Petitioner,<br>    v.<br>J. ROBERTSON,<br>         Respondent. | Case No. 19-cv-01074-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Cuong Huy Dao seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief states cognizable claims. Accordingly, on or before **July 1, 2019**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

## BACKGROUND

In 2014, a Santa Clara County Superior Court jury convicted Dao of assault with a deadly weapon. Various sentencing enhancement allegations were found true. A sentence of 16 years in state prison was imposed. Dao unsuccessfully sought relief in the state courts. This federal habeas petition followed.

**DISCUSSION**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Dao alleges (i) there was insufficient evidence to support the conviction for assault with a deadly weapon; (ii) defense counsel rendered ineffective assistance; (iii) the trial court failed to give appropriate jury instructions, and gave a coercive *Allen* charge; (iv) the prosecutor failed to present evidence helpful to the defense; (iv) the trial court wrongly denied Dao's motions to change counsel; and (v) his sentence is erroneous.[1] These allegations state claims for relief, when liberally construed.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **July 1, 2019**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

4. In lieu of an answer, respondent may file, on or before **July 1, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 11.)

**IT IS SO ORDERED.**

**Dated:** May 3, 2019

_____
WILLIAM H. ORRICK
United States District Judge